## APPEAL OF THE RYAN CO.

Docket No. 54.   Submitted April 27, 1925.   Decided October 1, 1925.

1. Upon concessions by the taxpayer that certain credits on the books of a corporation were dividends and by the Commissioner that interest should not have been accrued upon dividend credits, *held*, that income should not be increased on account of income alleged to have accrued on such credits.

2. Other claims of the taxpayer disallowed for lack of evidence.

*Eugene J. Holland, Esq.*, for the taxpayer.
*J. Harry Byrne, Esq.*, for the Commissioner.

Before IVINS,[1] MORRIS, and LOVE.

This is an appeal from a determination by the Commissioner of a deficiency in income and profits taxes for 1920 in an amount of less than $10,000, arising out of his action (1) in increasing income by certain items of accrued interest on notes, (2) in excluding certain items from invested capital, and (3) in including in income certain items of accrued interest on " withdrawals " charged to stockholders on the books. The Commissioner's determination also shows over-assessments for 1918, 1919, and 1921.

The Commissioner originally filed a motion to dismiss this appeal, alleging that it had not been filed within the period prescribed by the Revenue Act of 1924. At the hearing on the motion the Board directed further investigation of the date of filing, but the Commissioner subsequently filed an answer and at the hearing thereon abandoned his motion.

From the pleadings and admissions of counsel the Board makes the following

FINDINGS OF FACT.

The taxpayer is an Illinois corporation with its principal office at Chicago.

" Withdrawals " charged to stockholders upon the books of the corporation were dividends, not loans.

---

[1] This decision was prepared by Mr. Ivins during his term of office.

DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

OPINION.

IVINS: The Commissioner's answer contains a plea in bar of the Board's jurisdiction in so far as the appeal relates to the years 1918, 1919, and 1921, because overassessments were found for those years. The plea is overruled on authority of the Board's decisions in the *Appeal of E. J. Barry*, 1 B. T. A. 156; and *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409

The taxpayer alleges three errors of the Commissioner, being (1) the inclusion in taxable income of certain items of accrued interest on notes receivable, which notes the taxpayer asserts represent payment for capital stock; (2) the exclusion from invested capital of the par value of the capital stock for which the said notes were given because the stock is held not to be "paid in"; and (3) the inclusion in taxable income of items of accrued interest on alleged "withdrawals" by stockholders although such withdrawals were held to be dividends.

The Commissioner's answer conceded that in the event the taxpayer admitted that the withdrawals were dividends, or that the Board found that they were in fact dividends, the interest accrued thereon was not income. The taxpayer conceded that the withdrawals were dividends taxable to the stockholders, and it follows that no interest should have been accrued by the corporation on account of them. Therefore, the net income found by the Commissioner should be reduced by the amount of such accruals.

For lack of any competent evidence with respect to the other points in the petition, we are constrained to affirm the determination of the Commissioner thereupon.

ARUNDELL not participating.